IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-2315

SWM INTERNATIONAL, LLC,

    Plaintiff,

v.

DYNAENERGETICS EUROPE GMBH and
DYNAENERGETICS US, INC.,

    Defendants.

## COMPLAINT

Plaintiff, SWM International, LLC ("SWM"), for its Complaint against Defendants, DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics" or "Defendants"), alleges as follows:

### INTRODUCTION

1. This is an action at least for declaratory relief to find void or unenforceable purported patent assignment agreements obtained without legally sufficient consideration and under bad faith and fraudulent circumstances.

2. Two purported patent assignment agreements between DynaEnergetics Europe GmbH ("DynaEnergetics Europe") and JDP Engineering & Machine Inc. ("JDP") dated April 23, 2020 are attached hereto as Exhibit A (hereinafter, "Coerced Assignment Agreement") and Exhibit B.  Exhibit A is directed to designated patent assets in the United States and Canada while Exhibit B is directed to counterpart patent assets in the rest of

the world, including South America, Europe, and Asia.  For purposes of demonstrating Defendants' conduct for which SWM seeks redress, this Complaint focuses on the Coerced Assignment Agreement but the conduct applies equally to both Agreements (hereinafter collectively referred to as "Improperly Obtained Agreements") and SWM seeks relief relating to both Agreements.

3.   The Coerced Assignment Agreement dated April 23, 2020 opens by misstating the scope of JDP's obligations under an earlier agreement between the parties:

> In accordance with the Engineering Agreement between DYNAenergetics and JDP Engineering & Machine Inc. entered into on April 19, 2012, the parties acknowledge their agreement that DYNAenergetics (or one of its affiliated companies) would own all patents and other intellectual property rights in inventions created by JDP Engineering or David C. Parks in the performance of that agreement, and this Assignment completes the agreement contemplated at that time.

4.   As set forth herein, the above language stating that JDP and/or David C. Parks ("Mr. Parks") was obligated to assign any ownership rights to DynaEnergetics is factually and legally incorrect and DynaEnergetics knew or should have known that this assertion was false when made.  DynaEnergetics was only entitled, under an earlier Engineering Agreement signed in 2012, to a license to use inventions conceived by JDP but not *ownership* of the inventions.

5.   The overt efforts by Defendants in 2020 to usurp JDP and Mr. Parks's ownership rights in certain patent assets were done in bad faith and misled Mr. Parks into assigning to Defendants rights to which they were not entitled.

## PARTY INFORMATION

6. DynaEnergetics Europe GmbH ("DynaEnergetics Europe") holds itself out to be the owner by assignment of a number of pending and issued patent applications depicted below and referred to as the "Perforating Gun System Patent Family," with early filings including Canadian Patent Application No. 2821506 and PCT Application No. CA2014/050673.

| Country of Filing | Type of Filing | Application No. | Filing Date | Title |
|---|---|---|---|---|
| Canada | Utility | 2821506 | 7/18/13 | PERFORATION GUN COMPONENTS AND SYSTEM |
| PCT | Utility | PCT/CA2014/050673 | 7/16/14 | PERFORATION GUN COMPONENTS AND SYSTEM |
| United States | Utility | 14/904,788 | 1/13/16 | PERFORATION GUN COMPONENTS AND SYSTEM |
| United States | Utility | 15/287,309 | 10/6/16 | PERFORATION GUN COMPONENTS AND SYSTEM |
| United States | Utility | 15/617,344 | 6/8/17 | PERFORATION GUN COMPONENTS AND SYSTEM |
| United States | Utility | 15/920,800 | 3/14/18 | PERFORATION GUN COMPONENTS AND SYSTEM |
| United States | Utility | 15/920,812 | 3/14/18 | PERFORATION GUN COMPONENTS AND SYSTEM |
| United States | Utility | 16/359,540 | 3/20/19 | PERFORATION GUN COMPONENTS AND SYSTEM |
| United States | Utility | 16/585,790 | 9/27/19 | PERFORATION GUN COMPONENTS AND SYSTEM |
| United States | Utility | 16/809,729 | 3/5/20 | PERFORATING GUN SYSTEM WITH ELECTRICAL CONNECTION ASSEMBLIES |

Coerced Assignment Agreement at 1.

7. The Perforating Gun System Patent Family includes U.S. Patent Application No. 16/585,790, which subsequently issued on November 24, 2020 as U.S. Patent No. 10,844,697 ("the '697 Patent").

8. DynaEnergetics US, Inc. ("DynaEnergetics US") holds itself out as the exclusive licensee of the '697 Patent and the rest of the "Perforating Gun System Patent Family" in accordance with an exclusive license agreement granted by DynaEnergetics Europe.

9. Plaintiff SWM International LLC is a Delaware limited liability company with its headquarters at 2225 West Alcock Street, Pampa, Texas 79065.

10. On information and belief, Defendant DynaEnergetics Europe GmbH is organized under the laws of Germany with its principal place of business at Kaiserstrasse 3, 53840 Troisdorf, Deutschland.

11. DynaEnergetics US, Inc. is a Colorado corporation with its principal place of business at 11800 Ridge Parkway, Suite 300, Broomfield, Colorado.

12. On information and belief, Dyna Energetics Europe and DynaEnergetics US are wholly owned subsidiaries of DMC Global, Inc., which is headquartered in Broomfield, Colorado.

**JURISDICTION AND VENUE**

13. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

14. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because SWM, a citizen of Delaware and Texas, seeks damages greater than $75,000 against DynaEnergetics Europe, a citizen of a foreign state (Germany), and DynaEnergetics US, a citizen of Colorado.

15. This Court has general and specific personal jurisdiction over Defendants pursuant to due process and/or the Colorado Long Arm Statue, Colo. Rev. Stat. § 13-1-124, due at least to their systematic and continuous contacts with the State of Colorado, including conducting regular business through facilities located within the State of Colorado for the purpose of marketing and sales of oil and gas well perforating systems

and products. *See* SEC filings, i.e., DMC Global, Inc., Annual Report (Form 10-K) at p. 2 (Feb. 22, 2021).

16. This Court has personal jurisdiction over DynaEnergetics Europe because it conducts and/or benefits from systematic and continuous business in Colorado.

17. This Court has personal jurisdiction over DynaEnergetics US because DynaEnergetics US is incorporated under the laws of the State of Colorado and is thus a resident of and at home in Colorado.

18. Venue is proper in this District under 28 U.S.C. § 1391 because DynaEnergetics Europe is not a resident of the United States.

19. Venue is proper in this District under 28 U.S.C. § 1391 because DynaEnergetics US is a resident and at home in the State of Colorado and this District, and has sufficient contacts with this District for personal jurisdiction.

## BACKGROUND

20. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

21. On April 19, 2012, DynaEnergetics and JDP Engineering & Machine Inc. ("JDP"), a Canadian corporation, owned by Mr. Parks, entered into an "Engineering Agreement" (Exhibit C) for a "low budget economic perforating system."

22. The Engineering Agreement, by its plain terms, could not have impacted any ownership rights of JDP or Mr. Parks in his individual capacity. Section 5 of the Engineering Agreement conferred to DynaEnergetics no more than a license to inventions conceived by JDP.

23. Mr. Parks is a named inventor on the patent assets in the Perforating Gun System Patent Family, including the '697 Patent.

24. As one of the named inventors in the Perforating Gun System Patent Family, Mr. Parks and his company JDP have at all times had ownership rights in the Perforating Gun System Patent Family, including the '697 Patent.

25. Mr. Parks, however, never assigned his rights in the Perforating Gun System Patent Family to any DynaEnergetics entity. Instead, Mr. Parks assigned those rights to JDP.

26. JDP was never contractually obligated to assign its rights in the Perforating Gun System Patent Family to DynaEnergetics Europe or any other DynaEnergetics entity, nor was JDP compensated for any such potential assignment.

27. After DynaEnergetics Europe and JDP executed the Engineering Agreement in 2012, eight years passed during which Defendants apparently either misunderstood or misremembered that JDP maintained ownership rights in the Perforating Gun System Patent Family.

28. Eight years after DynaEnergetics Europe and JDP entered into the Engineering Agreement, DynaEnergetics Europe —through its agents Mr. Ian Grieves of DynaEnergetics US and outside prosecution counsel, Ms. Lisa Moyles—approached Mr. Parks on or around April 22, 2020 about assigning JDP's rights in the Perforating Gun System Patent Family to DynaEnergetics Europe.

29. Specifically, on April 22, 2020, Mr. Grieves initiated a discussion with Mr. Parks and, during the discussion, represented that JDP and Mr. Parks were obligated

under the Engineering Agreement to assign their rights in the Perforating Gun System Patent Family—which included the '790 Application—to DynaEnergetics Europe. These representations were false when made and, upon information and belief, were made with knowledge that the representations to Mr. Parks regarding the obligations in the Engineering Agreement were false.

30. Had Mr. Grieves been truthful and *requested* that Mr. Parks assign JDP's ownership rights in the Perforating Gun System Patent Family rather than represent that Mr. Parks, on behalf of JDP, was *required* to sign the proposed assignment agreement, Mr. Parks would not have assigned any ownership rights in the patent assets to DynaEnergetics Europe.

31. In the April 22, 2020 discussion during which he misrepresented that Mr. Parks was obligated to assign JDP's patent rights, Mr. Grieves also overtly pressured Mr. Parks to execute the proposed assignment agreement by representing that Mr. Parks would be "dragged into" pending litigation involving the Perforating Gun System Patent Family. Mr. Grieves told Mr. Parks that there was already ongoing litigation involving the Perforating Gun System Patent Family, but that he would be "spared" involvement in this litigation if he assigned JDP's rights to DynaEnergetics Europe.

32. When the call with Mr. Grieves concluded, Mr. Parks was left with an overwhelming fear of the burden he would necessarily assume in the pending patent litigation if he did not proceed according to the terms DynaEnergetics proposed.

33. The misrepresentations by Mr. Grieves also came at a time when Mr. Parks was already uneasy as to how the nascent COVID-19 pandemic would impact JDP's

business. Indeed, April 2020 was a period of complete lockdown and Mr. Parks knew that he lacked the resources to refuse DynaEnergetics' "request" for an assignment of rights, which had been incorrectly presented to him as something with which JDP was legally obligated to comply.

34.  Shortly after the call with Mr. Grieves, Mr. Parks received from DynaEnergetics' outside IP counsel, Lisa Moyles, a copy of the Coerced Assignment Agreement. This document repeated the misrepresentation that the 2012 Engineering Agreement provided that DynaEnergetics "would own all patents and other intellectual property rights in inventions created by JDP Engineering or David C. Parks in the performance of that agreement" and further stated that the assignment of those rights in April 2020 merely "completes the agreement contemplated at that time."

35.  Ultimately, the misrepresentations by Ms. Moyles and Mr. Grieves, coupled with the threat that Mr. Parks would be involuntarily "dragged into" pending litigation, led Mr. Parks to believe that he had no option but to comply with the directives of Mr. Grieves and Ms. Moyles to sign over ownership rights in the Perforating Gun System Patent Family in the United States and abroad. In addition to believing, based on the misrepresentations regarding the terms of the Engineering Agreement, that he had a legal obligation to assign the ownership rights, Mr. Parks was understandably fearful of what might happen to his business if his time and efforts were diverted because of the pending litigation. DynaEnergetics not only falsely characterized JDP's contractual obligations, but also took advantage of Mr. Parks's professional vulnerability in a time of unprecedented uncertainty.

36. On or around April 23, 2020, Mr. Parks, on behalf of JDP, signed the Improperly Obtained Agreements presented by Defendants based on the incorrect information that was provided to him the day before by Mr. Grieves and Ms. Moyles.

37. DynaEnergetics Europe compensated JDP with no more than a ceremonial token—a total of two dollars (one dollar per assignment) for the rights in these patent assets in the United States and abroad, which included the rights to the '790 Application that would issue as the '697 Patent.

38. Since that time, Mr. Parks has come to understand that, contrary to the false representations of Mr. Grieves and Ms. Moyles, JDP had no obligation to assign to Defendants its rights in inventions conceived by either Mr. Parks or JDP, and also that Defendants did not provide JDP with adequate consideration for the assignment of those rights.

39. Mr. Parks now believes that the Improperly Obtained Agreements entered into with DynaEnergetics Europe on or around April 23, 2020 are void, voidable, and/or unenforceable due to the manner in which Defendants sought to obtain rights in IP properly belonging to JDP.

40. On August 10, 2021, Mr. Parks, acting on behalf of JDP, executed a different assignment agreement with Plaintiff for these same assets. This later assignment agreement provides JDP and Mr. Parks with valuable consideration for the IP assets, including the '697 Patent, and freely transfers to Plaintiff all rights in the Perforating Gun System Patent Family. Exhibit D (hereinafter, "Assignment to SWM").

41. As of the execution of the Assignment to SWM, Plaintiff now holds the entire set of rights previously held by JDP and Mr. Parks in the Perforating Gun System Patent Family, as well as and any claims that JDP might have against DynaEnergetics or third parties relating to or arising out of the voided, voidable, and/or unenforceable Improperly Obtained Agreements between JDP and DynaEnergetics Europe dated April 23, 2020.

## CAUSES OF ACTION

### COUNT 1: DECLARATION THAT THE ASSIGNMENTS FOR THE PERFORATING GUN SYSTEM PATENT FAMILY ARE VOID
(Lack of Consideration / Fraudulent Inducement)

42. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

43. Under the Engineering Agreement, JDP was entitled to retain ownership of any inventions it created or conceived.

44. The Engineering Agreement did not entitle DynaEnergetics Europe to an assignment from JDP for the Perforating Gun System Patent Family, including the '697 Patent.

45. The terms of the Coerced Assignment Agreement between DynaEnergetics Europe and JDP eight years later not only misrepresented the scope of Defendants' rights, but also failed to provide legally adequate consideration. Indeed, in asserting the '697 Patent in various pending lawsuits, Defendants have repeatedly represented that the claimed technology is of great value, thus highlighting the gross insufficiency of the two dollars paid to JDP for the execution of the purported assignments.

46. JDP is entitled to terminate or void the Improperly Obtained Agreements with DynaEnergetics Europe for lack of consideration.

47. In the alternative, should the Improperly Obtained Agreements not be voided or found unenforceable due to lack of consideration, Plaintiff is entitled to a declaration that the Agreements are null and void and/or unenforceable because both were executed under circumstances of fraud, duress, or undue influence because JDP signed the documents based on Defendants' misrepresentation that JDP and Mr. Parks were obligated to do so under the terms of the Engineering Agreement, as well as misleading and unfounded threats that Mr. Parks would be "dragged into" pending litigation if he did not execute the assignments.

48. Pursuant to the Assignment to SWM, JDP has assigned to Plaintiff its right to obtain relief for this injury.

49. Accordingly, an actual controversy exists between Plaintiff and Defendants as to the validity and enforceability of the Improperly Obtained Agreements dated April 23, 2020.

## COUNT 2: UNJUST ENRICHMENT

50. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

51. JDP conferred a benefit upon DynaEnergetics Europe by signing the Improperly Obtained Agreements for the Perforating Gun System Patent Family dated April 23, 2020, including, but not limited to, the '697 Patent.

52. DynaEnergetics Europe in turn conferred a benefit upon DynaEnergetics US by granting DynaEnergetics US an exclusive license to the Perforating Gun System Patent Family, including, but not limited to, the '697 Patent.

53. Accordingly, Defendants collectively received a benefit from JDP when DynaEnergetics Europe accepted the Improperly Obtained Agreements for the Perforating Gun System Patent Family, including, but not limited to, the '697 Patent.

54. JDP has not been compensated for the Improperly Obtained Agreements for the Perforating Gun System Patent Family, including, but not limited to, the '697 Patent.

55. Under the circumstances, it would be unjust for Defendants to retain the benefit that JDP was coerced to confer upon them without paying JDP for that benefit.

56. Defendants' conduct has caused JDP damages in excess of $75,000.

57. JDP has assigned to Plaintiff its right to obtain relief, including damages, for this injury.

## JURY DEMAND

58. In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all triable issues.

## PRAYER FOR RELIEF

Plaintiff respectfully prays for this Court to grant the following relief:

A. A declaration that each of the Improperly Obtained Agreements between DynaEnergetics Europe and JDP for the Perforating Gun System Patent Family are void, voidable, or unenforceable for lack of consideration or, in the alternative, is void, voidable,

or unenforceable because the agreements were executed under circumstances of fraud, duress, or undue influence;

      B.     A declaration that Defendants were unjustly enriched by their actions;

      C.     An award of damages adequate to compensate Plaintiff for the harm sustained as a result of Defendants' conduct;

      D.     An order granting such other relief to Plaintiff, including any and all available equitable relief as the Court deems just and proper.

Dated: August 26, 2021 /s/ Kathryn A. Feiereisel

**Kathryn A. Feiereisel**
Morgan Lewis Bockius LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Telephone: (321) 324-1000
Fax: (321) 324-1001
Email: katie.feiereisel@morganlewis.com

**C. Erik Hawes**
Morgan Lewis Bockius LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5006
Telephone: (713) 890-5000
Fax: (713) 890-5001
Email: erik.hawes@morganlewis.com

**Natalie A Bennett**
Morgan Lewis Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2541
Telephone: (201) 793-3000
Fax: (201) 793-3001
Email: natalie.bennett@morganlewis.com

**Elizabeth M. Chiaviello**
Morgan Lewis Bockius LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
Telephone: (214) 466-4000
Fax: (214) 466-4001
Email: elizabeth.chiaviello@morganlewis.com

**Attorneys for Plaintiff SWM International, LLC**