# EXHIBIT C

# ENGINEERING AGREEMENT
## Low Budget Economic Perforating System

This Engineering Agreement ("Agreement") is made April 19th, 2012 by and between DYNAenergetics, a German Corporation with its principal offices at Kaiserstrasse 4 in 53640 Troisdorf, Germany and JDP Engineering & Machine Inc. a Canadian corporation with its principal offices at 12 Crestmont Way SW, Calgary AB, T3B 5Z6, Canada. ("JDP").

Witnessed

Whereas, DYNAenergetics has developed Perforating Hardware, Shaped Charges, selective RF-safe detonators and detonating cords for use in the oil and gas industry and has ideas for the design of a low budget economic perforating system (LBEPS).

Whereas, JDP has expertise in the design of Perforating Gun Systems,

Now therefore, in consideration of the premises, and other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, DYNAenergetics and JDP, referred to individually as a "Party" and collectively as the "Parties", hereby agree as follows:

WHEREAS

a. The Parties agree to jointly develop a LBEPS. The requirements are defined in Appendix 1.

b. JDP will design the system and bring to prototype stage all components required for the complete LBEPS.

c. The Parties will jointly review the design at predetermined milestones as defined in Appendix 2.

d. DYNAenergetics will compensate JDP in accordance with Appendix 3.

e. DYNAenergetics will have unlimited exclusive rights to the LBEPS.

1. **LICENSES**

1.1 DYNAenergetics has exclusive rights to the LBEPS.

2. **DURATION AND TERMINATION**

2.1 This agreement shall become effective on the day of signing and be effective for the duration of the development.

2.2 This Agreement may be terminated without cause by any of the parties at any time. On termination without cause the pending compensation will be regulated as stated in Appendix 3.

2.3 This Agreement may be terminated upon the occurrence of any one of the following events: By mutual agreement in writing signed by both parties. Or by either party upon the breach of material term, condition or provision of this agreement by the other party, provided that fifteen (15) days written notice stating the nature of the alleged breach must be given to the offending party, who shall have the opportunity to correct such breach within such notice period, failing which the Agreement shall terminate.

3. **GOVERNING LAW AND CONSTRUCTION**

2.1 This Agreement shall be construed as made in accordance with the Laws of Germany and the Parties hereby accept the non-exclusive jurisdiction of the German Courts.

2.2 Any claims, disputes or controversies arising out of this Agreement between the parties hereto which cannot be settled by mutual agreement shall, upon written notice by one party to the other, be finally settled by arbitration in accordance with and subject to the rules of the International Chamber of Commerce. All arbitration hearings shall be held in Hanover, Germany. The party desiring arbitration shall notify the other party in writing of the matter to be arbitrated and the name of the arbitrator selected by it. Within ten (10) days after receipt of such notice, the other party shall appoint an arbitrator and shall forthwith notify the first party of such appointment. The two arbitrators named shall within ten (10) days appoint, in writing, a third arbitrator. Pending a decision by the majority of the arbitration panel, both parties agree to take no action which might upset the status quo or prejudice the respective positions of the parties with respect to the matter in controversy. A decision by the majority of the arbitration panel with respect to the matter in controversy shall be final and binding on the parties, and judgement on any award so rendered may be entered in any court having jurisdiction.

2.3 No purported variation in the terms of this Agreement shall take effect unless made in writing and signed by an authorized representative of each Party.

2.4 Should any provision of this Agreement be deemed illegal or void by a competent court of law then that provision shall be deemed severed from this Agreement which shall continue in force notwithstanding such severance and the Parties shall, at the request of either Party, meet to agree a substitute provision representing the most mutually beneficial alternative available within legal constraints.

2.5 This Agreement is non-transferable and non-assignable without the written consent of the other party. This Agreement shall be binding upon the successors and assigns of the parties hereto.

4. **CONFIDENTIALITY**

2.6   Save for information which is in the public domain (otherwise than by a breach of this Condition), each party shall keep secret and not disclose any technical or commercial know-how, specifications, inventions, processes or initiatives which are of a confidential nature and have been disclosed to it by the disclosing party or its agents and any other confidential information concerning the disclosing party's business or its products which the disclosing party may obtain and the receiving party shall restrict disclosure of such confidential material to such of its employees, agents or sub-contractors as need to know the same for the purpose of discharging its obligations hereunder and shall ensure that such employees, agents or sub-contractors are subject to like obligations of confidentiality.

2.7   This Condition shall apply during the continuance of this Agreement and after its termination howsoever arising for a period of FIVE (5) years.

2.8   JDP hereby agrees not to design a gun system similar to the LBEPS for a third party or to engineer components or a similar product on its own or through a third party for the duration of 5 years from the date of signing this agreement.

5. **OWNERSHIP OF INTELLECTUAL PROPERTY**

For the purposes of this Agreement, "Intellectual Property" shall mean all confidential or proprietary information, inventions, ideas, trade secrets, data, materials, know-how, patents, design patents, patent and design applications, registered designs, copyrights and all similar rights developed, owned by or licensed to a Party.

5.1   Background Intellectual Property Rights shall mean all Intellectual Property owned by or licensed to a Party prior to the performance of services under this Agreement. Each Party shall retain all ownership and/or interest in its Background Intellectual Property. To the extent a JDP's Background Intellectual Property is required to permit JDP to provide services contemplated under this Agreement, JDP grants DYNAenergetics a non-exclusive, non-transferable, worldwide, royalty-free license to use JDP's Background Intellectual Property for the sole purpose of providing services under this Agreement.

5.2   To the extent any product, method or service developed by JDP for DYNAenergetics under this Agreement includes JDP's Background Intellectual Property, JDP grants DYNAenergetics an irrevocable, non-exclusive, non-transferable, world-wide, royalty-free license to use JDP's Background Intellectual Property as embodied in such product, method or services, and to manufacture, have manufactured for it, use, make one or more copies, sell, lease, transfer, or rent, such product, software, method or services. In the event of a written agreement between DYNAenergetics and JDP for the use by DYNAenergetics of JDP's Background Intellectual Property, such written agreement shall become an integral part of this Agreement. The above notwithstanding, nothing herein shall obligate JDP to license Background Intellectual Property to DYNAenergetics where JDP is contractually prohibited from granting such license.

5.3   Sole Conception of Intellectual Property. During the Term of the Agreement and with respect to any invention, idea, discovery and/or work product including software, arising from performance of this Agreement, patentable or non-patentable ("hereafter Invention"), developed solely by JDP, JDP shall promptly disclose any such Invention to DYNAenergetics and shall grant DYNAenergetics an irrevocable, exclusive, paid-up, non-transferable, world-wide, royalty-free license, within the Field of Use, to use, manufacture, have manufactured for it, sell, lease, or rent, such product, method, software, or services covered by such Intellectual Property. JDP will cooperate in good faith in filing and prosecuting any necessary or desirable national and foreign patent applications, at DYNAenergetics expense. With regards to any software developed by JDP, JDP agrees to consider the software development a work for hire with all rights in the developed software transferred to DYNAenergetics. If for any reason software JDP writes or develops is not considered a work made for hire, JDP agrees without any additional consideration that JDP will assign to DYNAenergetics all rights, title and interest therein and agrees to execute at DYNAenergetics request a subsequent document or documents as further evidence of the assignment. For the purpose of this agreement Field of Use is defined as energy service industry including down-hole and surface products and services.

5.4   Joint Conception of Intellectual Property. During the Term of the Agreement and with respect to any Invention made jointly by one or more employees of DYNAenergetics and JDP, each Party shall own an undivided interest in such Intellectual Property. JDP agrees to grant DYNAenergetics an irrevocable, exclusive, paid-up, non-transferable, world-wide, royalty-free license, within the Field of Use, to use, manufacture, have manufactured for it, sell, lease, or rent, such product, method or services covered by JDP's interest in such Intellectual Property. JDP will cooperate in good faith in filing and prosecuting any necessary or desirable national and foreign patent applications, at DYNAenergetics expense. With regards to any software developed by JDP, JDP agrees to consider the software development a work for hire with all rights in the developed software transferred to DYNAenergetics. For the purpose of this agreement Field of Use is defined as energy service industry including down-hole and surface products and services relating to the energy service industry.

IN WITNESS WHEREOF the parties have caused this Agreement to be executed by their duly authorized officers on the respective dates and at the respective places hereinafter set forth.

JDP Engineering & Machine Inc.

By: Dave Parks

Signature: _____

Title: _____

Signed at: Calgary

Date: April 19th, 2012


DYNAenergetics GmbH

By: Frank Preiss

Signature: _____F. P/3_____

Title:

Signed at: _____Calgary_____

Date: _____4.19.12_____

REDACTED

REDACTED

REDACTED

REDACTED