IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02315-PAB

SWM International, LLC,

     Plaintiff,

v.

DYNAENERGETICS EUROPE GMBH,
DYNAENERGETICS US, Inc.,

     Defendants.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on the Complaint [Docket No. 1] filed by plaintiff on August 26, 2021. Plaintiff asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 4, ¶ 14.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second,

regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 1 at 4, ¶ 14. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts as presently alleged are insufficient to establish the citizenship of plaintiff and defendant DynaEnergetics Europe GmbH.

The complaint alleges that plaintiff is a "Delaware limited liability company" with its headquarters in Texas. Docket No. 1 at 4, ¶ 9. The citizenship of a limited liability company is determined by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Plaintiff has neither identified

its members nor provided sufficient information for the Court to determine its citizenship. Rather, plaintiff's statement that "[plaintiff] is a citizen of Delaware and Texas," Docket No. 1 at 4, ¶ 14, is a conclusory allegation that is insufficient for the Court to determine plaintiff's citizenship. See *Den 8888, LLC v. Navajo Express, Inc*., No. 21-cv-00321-STV, 2021 WL 463623, at *3 (D. Colo. Feb. 9, 2021); *U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006)); *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) (unpublished) ("[W]e have observed that the appropriate tests for citizenship involve tracing [entities'] citizenships down the various organizational layers where necessary." (internal citation omitted)); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] party must list the citizenships of all the members of the limited liability company."); *Prospect Funding Holdings, LLC v. Fennell*, 2015 WL 4477120, at *2

3

(S.D.N.Y. July 15, 2015) (collecting New York district court decisions holding that a limited liability company must "plead facts establishing their citizenship including, . . . the identity and citizenship of their members" in order to invoke diversity jurisdiction).

Plaintiff also alleges defendant DynaEnergetics GmbH is a citizen of Germany, stating that it is organized under the laws of Germany and has its principal place of business in Germany. Docket No. 1 at 4, ¶¶ 10, 14. Plaintiff, however, has not provided any information as to whether a GmbH is comparable to a corporation or a limited liability company for diversity purposes.[1] *See Century Metal Recycling Pvt. Ltd. v. Dacon Logistics, LLC*, 2013 WL 5929816, at *3 (D. Conn. Nov. 4, 2013) (finding allegations to be insufficient where plaintiff failed to specify whether foreign private limited company was "structured or organized as an equivalent to either a corporation or a limited liability company under United States law"); *SJ Prop. Suites v. Specialty Fin. Grp.*, 733 F. Supp. 2d 1021, 1030 (E.D. Wis. 2010) (requiring plaintiffs to clarify whether private limited companies and limited company "organized under Icelandic law are equivalent to corporations or limited liability companies under United States' law"). This

---

[1] One court assumed diversity jurisdiction existed based on a GmbH's principal place of business and place of incorporation, but noted that the entity may require citizenship allegations like an LLC to avoid a jurisdictional attack, and did not definitively rule a GmbH should be treated as a corporation for jurisdictional purposes. *Mueller v. Potsch*, No. 4:11 CV 47, 2013 WL 1290836, at *1 n.1 (N.D. Ind. Mar. 28, 2013). *Compare Werner Kammann Maschinenfabrik, GmbH v. Max Levy Autograph, Inc.*, No. CIV.A. 01–1083, 2002 WL 126634, *1 n. 1 (E.D. Pa 2002) (treating a GmbH as a corporation), *with TMT N. Am., Inc. v. Magic Touch GmbH*, 124 F.3d 876, 879 n.1 (7th Cir. 1997 ) (treating GmbHs as LLCs), *and Keshock v. Metabowerke Gmbh*, No. 15–00345–N. 2015 WL 10458544, *5 (S.D. Ala. Sept. 25, 2015).

information is critical to the Court's jurisdictional analysis. While a corporation is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business,"[2] 28 U.S.C. § 1332(c)(1), as stated above, the citizenship of a limited liability company is determined by the citizenship of all of its members. If defendant DynaEnergetics GmbH's form of organization is more akin to a limited liability company, then its citizenship will be determined by the citizenship of its members, not by its place of incorporation and its principal place of business.

Because the allegations are presently insufficient to allow the Court to determine the citizenship of plaintiff and defendant DynaEnergetics GmbH and therefore whether the Court has jurisdiction, it is

**ORDERED** that, on or before **January 20, 2022**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED January 10, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[2] For purposes of determining whether diversity jurisdiction exists, a corporation incorporated in a foreign country is deemed a citizen of its place of incorporation and the location of its principal place of business. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).