**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02315-PAB- SKC

SWM INTERNATIONAL, LLC,

      Plaintiff,

v.

DYNAENERGETICS EUROPE GMBH and
DYNAENERGETICS US, INC.,

      Defendants.

---

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (ECF NO. 40)**

---

Plaintiff SWM International, LLC ("SWM") hereby moves for leave to amend its response to Defendants DynaEnergetics Europe GmbH's and DynaEnergetics US, Inc.'s (collectively, "Dyna") Motion to Dismiss (ECF No. 40).  Specifically, SWM wishes to withdraw its opposition to Dyna's request to transfer this case to the Northern District of Texas (the "NDTX") in favor of the pending action in Case No. 3:21-cv-00192 (the "NDTX Action").  A proposed replacement opposition brief that will be filed if this Motion for Leave is granted is attached as Exhibit B with the proposed changes identified in redline in Exhibit C.

**I.     SWM Now Consents to the Relief Requested by Dyna to Transfer this Action to the Northern District of Texas**

SWM endeavored to bring this motion *unopposed* given that SWM now consents to the relief sought Dyna in its Motion to Dismiss (ECF No. 21).  Dyna nonetheless now

takes the absurd position that while it does not object to the relief requested in this motion, it will not consent to SWM filing this motion as unopposed. *See* Ex. D. In its Motion, Dyna states: "DynaEnergetics respectfully requests that the Court transfer this case to the Northern District of Texas ("NDTX") based on the first-filed rule and the Court's inherent discretion to control its docket." ECF No. 21 at 15. Now, however, Dyna is apparently not interested in preserving this Court's resources by streamlining transfer to the NDTX. Instead, as discussed in the following section, Dyna seeks to litigate jurisdictional issues that it already represented it would not pursue.

On January 27, 2022, the NDTX Court adjudicating a patent infringement case between these same parties held oral argument on a request by SWM to stay the patent litigation. The comments of the presiding Judge—The Honorable Barbara M.G. Lynn—during the recent hearing persuaded SWM to reconsider its previous position regarding transfer from Colorado to the NDTX. During the recent oral argument, Chief Judge Lynn made clear that she believed this action in Colorado should be transferred to the NDTX and consolidated with the NDTX Action. Chief Judge Lynn expressed her strong belief that this case "belongs" in the Northern District of Texas, and stated, "I can't figure out -- Unless there's some personal jurisdiction issue that I don't see, I can't figure out why that case is [in Colorado] . . . . if Judge Brimmer sends it here or the parties agree to it being here, I'll be happy to take it." *See* Ex. A, Trans. of Jan. 27, 2022 Mot. Hr'g in NDTX Action, at 17:6–15. SWM understands and appreciates Chief Judge Lynn's position and, having now addressed this issue directly with her, SWM is willing to consent to transfer (as first sought by Dyna). Accordingly, SWM requests leave to amend its response to Dyna's

Motion to withdraw SWM's objection to Dyna's transfer request, and SWM submits the attached proposed amended response and a redline reflecting changes to SWM's original response.  *See* Exs. B & C.

## II.   This Court Can Exercise Its Discretion to Transfer the Action to the Northern District of Texas Before Assessing Dyna's Shifting Jurisdictional Theories

The Court may grant Dyna's now-unopposed transfer request before the Court expends additional resources making determinations regarding diversity of citizenship as identified in the Court's January 10, 2022 Order to Show Cause (ECF No. 35).  SWM's response (ECF No. 42) fully addresses the Court's inquiry regarding subject matter jurisdiction, and SWM maintains that the show cause order should be discharged.

Transfer would best serve the interests of judicial efficiency here and the question of venue can and should be taken up prior to further expending resources on jurisdictional issues.   Indeed, it is well-established that the Court may address questions of venue before determining subject-matter jurisdiction.  *See, e.g.*, *In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008) ("the district court was not required to determine its own subject-matter jurisdiction before ordering the case transferred."); *Pac. Mar. Ass'n v. NLRB*, 905 F. Supp. 2d 55, 58–59 (D.D.C. 2012) (collecting cases and reiterating that "[v]enue may be addressed before subject matter jurisdiction is determined.").  Likewise, the Supreme Court has consistently held that "there is no mandatory 'sequencing of jurisdictional issues,'" and that "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'"  *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citing *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 577, 585 (1999) and *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100-101 n3

(1998)).  "[A]s long as a court's disposition of an action is based on a threshold, non-merits issue—thereby eschewing any 'assumption by the court of substantive law-declaring power'—the court may (and should) consider which course would best serve the interests of judicial efficiency."  *Pac. Mar.*, 905 F. Supp. 2d at 59 (quoting *Sinochem*, 549 U.S. at 433).  The best course for this case would be to avoid unnecessary litigation by immediately transferring the action to the NDTX where it can be consolidated with the pending patent infringement case between these same parties.

Last week, Dyna advised counsel for SWM that it does not consent to SWM filing this motion unopposed and that Dyna intends to challenge the propriety of diversity jurisdiction.  In first raising this issue last week, Dyna belatedly represented that Defendant Dynaenergetics US, INC., ("Dyna U.S.") has a principal place of business in Texas.  SWM pled, based on publicly available materials, that Dyna U.S. is a citizen of Colorado with a principal place of business in Colorado.  Dyna's change in position openly contradicts the parties' joint submission to Magistrate Judge Crews on January 3, 2022, where the parties' email submission stated that "Defendants have not contested jurisdiction in this matter."  *That language was adopted in the Court's Scheduling Order*. ECF No. 34 at 2.  Moreover, on December 7, 2021, Dyna brought its motion to dismiss challenging standing and seeking transfer, but never made any challenge to subject matter jurisdiction.  *See generally* ECF No. 21.

Dyna now indicates that it intends to file a "Notice" seeking *sua sponte* action from the Court, but Dyna has not established whether Dyna U.S., in fact, maintains a principal place of business in Texas (as it now claims) or in Colorado (as alleged in the Complaint).

Assessing the legitimacy of the principal place of business assertion when Dyna already represented to the Court that jurisdiction in this matter was "not contested" would, at minimum, require jurisdictional discovery if the Court did not conclude that this issue was waived.  Yet, neither jurisdictional discovery nor a waiver analysis would be necessary if the Court grants this Motion for Leave, allows SWM to file its amended opposition brief that consents to transfer, and transfers the matter to the NDTX as both parties have now requested.  Litigation of subject matter jurisdiction would be a waste of party and Court resources when the Court maintains the discretion to act on questions of venue first (*see* precedent set forth above), and it is undisputed that if the action were transferred to Chief Judge Lynn to consolidate with the pending patent infringement case in Civil Action No. 3:21-cv-00192, the NDTX would have subject matter jurisdiction regardless of where Dyna U.S.'s principal place of business actually is.

*        *        *

In view of the complexity of the jurisdictional issues in this case and the ease with which the Court may address Dyna's now-unopposed transfer request, the Court should grant SWM's request for leave and then exercise its discretion to immediately transfer this case to the Northern District of Texas.

Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned states that on February 10, 2022, counsel for SWM and counsel for Dyna conferred by telephone regarding the subject matter of this motion, and Dyna responded the following day that

> ***We are OK with the motion and requested relief***, but we don't agree to titling it "Unopposed" because of SWM's statement in the draft which states "SWM's response (ECF No. 42) fully addresses the Court's inquiry regarding subject matter jurisdiction, and SWM maintains that the show

cause order should be discharged."  As noted, we can't agree with that due to Dyna US's TX residence.

*See* Ex. D.   Accordingly, while Dyna apparently does not object to the relief requested herein, SWM has not titled this an "unopposed" motion.

Dated: February 14, 2022.

/s/ *Kathryn A. Feiereisel*_____
**Kathryn A. Feiereisel**
Morgan Lewis Bockius LLP
110 North Wacker Drive
Chicago, IL 60606-1511
Telephone: (321) 324-1000
Fax: (321) 324-1001
Email: katie.feiereisel@morganlewis.com

**C. Erik Hawes**
Morgan Lewis Bockius LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5006
Telephone: (713) 890-5000
Fax: (713) 890-5001
Email: erik.hawes@morganlewis.com

**Natalie A. Bennett**
Morgan Lewis Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2541
Telephone: (201) 793-3000
Fax: (201) 793-3001
Email: natalie.bennett@morganlewis.com

**Elizabeth M. Chiaviello**
Morgan Lewis Bockius LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
Telephone: (214) 466-4000
Fax: (214) 466-4001
Email:
elizabeth.chiaviello@morganlewis.com

**Attorneys for Defendant SWM International, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 14, 2022, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case via electronic mail and the Court's CM/ECF system.

/s/ *Kathryn A. Feiereisel*
Kathryn A. Feiereisel