**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-2315

SWM INTERNATIONAL, LLC

     Plaintiff,

v.

DYNAENERGETICS EUROPE GMBH, and
DYNAENERGETICS US, INC.,

     Defendant.

---

**DEFENDANTS' MOTION TO DISMISS AND SUPPORTING BRIEF**

---

Through counsel and pursuant to Rule 12(b)(1) of the Fed. R. Civ. P. and Local Rule 7.1, Defendants DynaEnergetics Europe GmbH ("DynaEnergetics Europe") and DynaEnergetics US, Inc. ("DynaEnergetics US") (collectively "DynaEnergetics") move to dismiss this case for lack of subject matter jurisdiction. While SWM has already agreed that this Court can transfer the case to the Northern District of Texas (*see* Dkt. 45, at 1–2), this case should be dismissed because complete diversity does not exist between DynaEnergetics US and Plaintiff SWM International, LLC ("SWM"), as both are Texas citizens for purposes of diversity jurisdiction.

## I.   STATEMENT OF RELEVANT BACKGROUND FACTS

In its complaint, SWM alleged that the Court has subject matter jurisdiction based on complete diversity between the parties, blankly asserting that DynaEnergetics US "is a citizen of Colorado" because that is where it was incorporated.  (*See* Dkt. 1 at ¶¶ 11 and 14).  In response to two show cause orders, SWM has since represented that it is a citizen of Texas, Delaware, and Oklahoma, while repeating its claim that complete diversity exists.  (*See* Dkt. 42 at 2–3, and Dkt. 49).  SWM, however, did not address DynaEnergetics US's citizenship in either of those show cause responses.  *See id.*  As detailed in the accompanying Declaration of Ian Grieves, DynaEnergetics US is a citizen of Texas for diversity purposes because its principal place of business was in Texas when this case was filed.  (Ex. A, Declaration of Ian Grieves).[1]

Specifically, Mr. Grieves' declaration confirms that as of August 26, 2021 (the date SWM filed this action), DynaEnergetics US's corporate offices were located at that location, and that is also where the majority of DynaEnergetics US's officers and employees having high-level leadership positions were based.  Specifically, as of August 26, 2021, DynaEnergetics US's President (Mr. Grieves), Vice President of Business

---

[1] Diversity jurisdiction is determined based on facts that existed as of the date of the filing of the complaint.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006).  Regardless, Mr. Grieves' declaration also confirms that DynaEnergetics US's principal place of business and headquarters remains in Texas today, and there is no basis for SWM to legitimately allege that DynaEnergetics US is a citizen of Colorado.

Development (Timothy Adams), Director of Finance, AME[2] (James McKirahan), Treasurer (Patricia Aldape), Vice President of Marketing (Edwin Reek), and Vice President of Sales, AME (Gernot Burmeister) all maintained offices at or otherwise worked out of DynaEnergetics US's corporate headquarters in Houston, Texas.  (*Id.* at ¶ 4).  Each of these employees lives in the Houston area with the exception of Mr. Grieves (who lives in Germany and also has an office at DynaEnergetics Europe's Troisdorf facility) and Gernot Burmeister, who lives in Austin, Texas.  (*Id.*).

Mr. Grieves' declaration further verifies that as of August 26, 2021, Houston was (and remains) DynaEnergetics US's center of direction, control, and coordination.  The majority of substantive decisions impacting DynaEnergetics US's business were made by people who were based out of DynaEnergetics US's headquarters in Houston. (*Id.* at ¶ 6).  For example, that is where high-level decisions regarding finance, sales, marketing, business development and strategy emanated.  (*Id.*).

By contrast, Mr. Grieves' declaration confirms that when the complaint was filed (and today), DynaEnergetics US had no physical locations in Colorado, and in fact it only had three employees who worked in Colorado.  (*Id.* at ¶ 7).[3]

---

[2]  "AME" is an internal regional designation DynaEnergetics US uses to refer to the United States, Canada and Latin, Central and South America.  (*Id.*).

[3]  SWM knew these facts when it filed its responses to the show cause orders.  As confirmed in the *undisputed* facts section of the parties' proposed Scheduling Order (which has now been entered by the Court), DynaEnergetics US is headquartered in Texas, and it has no office locations in Colorado. (*See* Dkt. 30 at 4; Dkt. 34 at 4). That undisputed fact is also consistent with the allegations of a complaint DynaEnergetics filed against SWM in Texas in January 2021, which also stated that DynaEnergetics US is headquartered in Texas. (*See* Dkt. 21-3, at ¶ 2).

## II.    LEGAL STANDARD

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). "Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 Partnership v. Texas Intern. Petroleum,* 897 F.2d 461, 463 (10th Cir. 1990).  "In the case of corporations, the corporation is a citizen of 'any State by which it has been incorporated and of the State where it has its principal place of business....'" *Id.* (quoting 28 U.S.C. § 1332(c)).

A corporation's "principal place of business, for diversity jurisdiction purposes, is its nerve center," and the "nerve center" is typically the corporation's "headquarters," "brain," or "center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *see also Burke v. Smith*, No. 21-cv-01675-RBJ, 2021 WL 3883641, at *3 (D. Colo. August 31, 2021) (recognizing that a corporation's principal place of business or "nerve center" will typically be found at its headquarters); *Burge v. Sunrise Medical (US) LLC*, 2013 WL 6467994 at *2 (D. Colo. Dec. 9, 2013) ("Normally this is the corporation's headquarters, 'provided that the headquarters is the actual center of direction, control, and coordination ... and not simply an office where the corporation holds its board meetings.'") (quoting *Hertz*, 559 U.S. at 93).

Applied here, Mr. Grieves' declaration establishes that when the complaint was filed (and today), DynaEnergetics' headquarters and thus principal place of business was in Houston, Texas.  That is where the great majority of DynaEnergetics' officers and

decision-makers worked, and where the great majority of substantive decisions impacting the company emanated.  (Ex. A, Grieves Declaration, at ¶¶ 3–6).  Consequently, SWM and DynaEnergetics are both considered Texas citizens for diversity purposes.  The Court should thus dismiss the case because it lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005) (absent an assurance that jurisdiction exists, a court may not proceed in a case).

## III.  CONCLUSION

For the foregoing reasons, DynaEnergetics respectfully requests that the Court dismiss this case in full.

Dated: May 6, 2022                          Respectfully submitted,

*/s/ Jonathon Bergman*
 Jonathon Bergman
 Andrew T. Stevenson
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379
Email: Jon.Bergman@dgslaw.com
Email: Andrew.Stevenson@dgslaw.com

Barry J. Herman
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record through the Court's CM/ECF service on this 6th day of May 2022.

*/s/ Pamela Thede*